IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| FAWAZ S. KHALAF, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | 2:10-CV-097 |
| § | |
| RICK THALER, § | |
| Director, Texas Dep't of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION TO DISMISS
## PETITION FOR A WRIT OF HABEAS CORPUS

On April 29, 2010, petitioner, FAWAZ S. KHALAF, a state prisoner confined in the Jordan Unit in Gray County, Texas filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner advises he is confined pursuant to a March 22, 2005 conviction, upon his guilty plea, out of Randall County, Texas for the offense of aggravated sexual assault and the resultant twenty-five-year sentence. Because this Court finds petitioner is time barred from asserting his claims, the undersigned recommends the petition be DISMISSED.

I.
PETITIONER'S ALLEGATIONS

In his petition, Khalaf states:

1. The rare and exceptional circumstance of petitioner's language barrier preventing petitioner from timely preparing and filing his constitutional claims met the cause and prejudice standard to overcome the time bar.

2. It was plain error for the trial court to fail to appoint an accurate interpreter.

      3.      Because he was inadequately apprised of the proceedings, petitioner's guilty plea was not knowing, intelligent, or voluntary.

      4.      Petitioner received ineffective assistance of counsel because his attorney failed to employ an interpreter better than the one assigned to petitioner by the trial court.

## II.
## THE PETITION IS NOT TIMELY FILED

### *A. Time Limitations*

Petitioner has filed his section 2254 petition after the April 24, 1996 effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). His claim is therefore governed by the AEDPA's provisions. *See Fisher v. Johnson,* 174 F.3d 710, 711 (5th Cir. 1999). The pertinent provision of that statute states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

28 U.S.C. § 2244(d)(1). Title 28 U.S.C. § 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

### *B. The Time Line in Petitioner's Case*

According to the habeas corpus petition, the date of judgment of conviction in Khalaf's case was March 22, 2005. Petitioner did not directly appeal his conviction. Therefore, it became final thirty days after the entry of judgment, which was April 21, 2005. *See* Tex. R. App. P. 26.2(a)(1). Absent any tolling, the one-year limitations period established in 28 U.S.C. § 2244(d)(1) expired April 21, 2006.

Petitioner represents he filed two state habeas corpus applications. He fails to indicate the date on which he filed the first application, but the Court of Criminal Appeals website indicates it received the application on March 21, 2007 and denied it without written order on April 18, 2007. *In re Khalaf*, WR-67,183-01. Petitioner states he filed a second state habeas corpus application on January 8, 2009. According to the Court of Criminal Appeals website, that application was dismissed as successive on March 11, 2009. *In re Khalaf*, WR-67,183-02.

Petitioner's state application appears to have been filed almost a year after the one-year limitations period ran for federal habeas corpus purposes. Section 2244(d)(1) only tolls state actions taken *within* the one year after the conviction's finality. *See id.* Because the state habeas corpus applications in this case were not filed within one year after April 21, 2005, they cannot statutorily toll the AEDPA time period.

As explained above, without any tolling, Khalaf's federal habeas corpus petition was due April 21, 2006. Khalaf did not file his federal petition, however, until April 29, 2010. This was over four years after it was due. The instant petition is time bared under the AEDPA. As such, it should be dismissed.

## C. Equitable Tolling

Petitioner, apparently understanding the instant petition is time barred, contends he meets the cause and prejudice standard due to his language barrier. A petitioner can overcome procedural default at the state level if he can demonstrate cause and prejudice. *Woodford v. Ngo*, 548 U.S. 81, 108 n. 5, 126 S.Ct. 2378 n. 5, 2396, 165 L.Ed.2d 368 (2006). The exception applies in situations where the petitioner has failed to exhaust his claims at the state level. *See Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S.Ct. 1587, 1591, 146 L.Ed.2d 518 (2000).

In this case, Khalaf's problem is not his failure to exhaust state claims. Therefore, the cause and prejudice standard does not apply to his case. *See id.* Rather, because Khalaf failed to timely file, he must demonstrate he is entitled to equitable tolling of the AEDPA. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Equitable tolling is warranted only in rare and exceptional circumstances. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009). It applies principally "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman*, 184 F.3d at 402. Furthermore, equity is not intended for those who fail to pursue their rights. *Fisher*, 174 F.3d at 715. As such, to be entitled to equitable tolling a petitioner must demonstrate he has been diligently pursuing his rights. *Id.* "The petitioner bears the burden of establishing that equitable tolling is warranted." *Coleman*, 184 F.3d at 402.

Unfamiliarity with the legal process does not merit equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). "It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason." *Id.* Thus, unfamiliarity with the English language is generally insufficient to warrant equitable tolling. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002); *Gonzales v. Beck*, 118 Fed. Appx. 444, 447 (10th Cir. 2004); *Mendoza v. Minnesota*, 100 Fed. Appx. 587, 588 (8th Cir. 2004); *United States v. Cardova*, 202 F.3d 283, 1999 WL 1136759 at *1 (10th Cir. Dec. 13, 1999) (citing *Turner v. Johnson*, 117 F.3d 390, 392 (5th Cir. 1999)); *Gonzalez v. Quarterman*, No. 3:08-CV-0151-Dl, 2008 WL 4055779 at *4 (N.D.Tex.., Aug. 20, 2008); *United States v. Posada-Rios*, No. H-07-478, 2007 WL 2988012 at *7 (S.D.Tex., Oct. 11, 2007); *United States v. Morfin*, No. 3:06-CV-2410, 2007 WL 837272 (N.D.Tex., Mar. 20, 2007); *United States v. Teshima-Jiminez*, No. 97-087, 1999 WL 600326 at *2 (E.D.La., Aug. 5, 1999).

In this case, petitioner has failed to meet his burden of establishing equitable tolling is warranted. *See Coleman*, 184 F.3d at 402. Petitioner does not allege any facts indicating an extraordinary circumstance; he simply states he has a language barrier. Petitioner does not explain the severity of the language barrier or how he is now able to file a federal habeas corpus petition and a supporting memo. Many inmates are not fluent in English, and, as explained above, petitioner's unfamiliarity with the English language does not warrant equitable tolling. Additionally, petitioner has not shown he diligently pursued his right. *See Fisher*, 174 F.3d at 715. Petitioner's federal petition was due in April 2006. He did not file it until April 2010. Petitioner fails to provide a sufficient explanation for the four-year delay. In sum, petitioner's case is not in the class of "rare and exceptional." *See Hardy*, 577 F.3d at 598. He is not entitled to equitable tolling.

### III.
### RECOMMENDATION

Petitioner is time barred by almost four years from asserting the instant petition. Therefore, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for Writ of Habeas Corpus by a Person in State Custody filed by petitioner FAWAZ S. KHALAF be DISMISSED.

### IV.
### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 18th day of May, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).